UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. H-05-890M |
| | § | |
| VICTOR OMAR LOPEZ | § | |

**ORDER OF DETENTION PENDING TRIAL**

    In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts are established by a preponderance of the evidence or clear and convincing evidence and require the detention of the above-named defendant pending trial in this case.

Findings of Fact

[ ]    A.   Findings of Fact [18 U.S.C. § 3142(e), § 3142(f)(1)].

    [ ] (1)   The defendant has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

        [ ]   a crime of violence as defined in 18 U.S.C. § 3156(a)(4).

        [ ]   an offense for which the maximum sentence is life imprisonment or death.

        [ ]   an offense for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. ( ) § 801 et seq. ( ) § 951 et seq. ( ) § 955(a).

        [ ]   a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1) (A)-(C), or comparable state or local offenses.

    [ ] (2)   The offense described in finding 1 was committed while the defendant was on release pending trial for a federal, state or local offense.

    [ ] (3)   A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding 1.

    [ ] (4)   Findings Nos. 1, 2, and 3 establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community. I further find that the defendant has not rebutted this presumption.

[ ]   B.   Findings of Fact [18 U.S.C. § 3142(e)]

   [ ] (1)   There is probable cause to believe that the defendant has committed an offense

   [ ]   for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C.
   ( ) § 801 et seq. ( ) § 951 et seq. ( ) § 955(a).

   [ ]   under 18 U.S.C. § 924(c).

   [ ] (2)   The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

[X]   C.   Findings of Fact [18 U.S.C. § 3142(f)(2)]

   [X] (1)   Defendant is accused of conspiracy and trafficking females, including minors, by coercion or force to engage in the sex trade.

   [X] (2)   There is a serious risk that the defendant will flee.

   [X] (3)   Defendant represents a danger to the community.

   [X] (4)   There is a serious risk that the defendant will threaten, injure, or intimidate a prospective witness or juror, or attempt to do so.

[X]   D.   Findings of Fact [18 U.S.C. § 3142(c)]

   [ ] (1)   As a condition of release of the defendant, bond was set as follows:

   [ ] (2)

   [X] (3)   I find that there is no condition or combination of conditions set forth in 18 U.S.C. § 3142(c) which will reasonably assure the appearance of the defendant as required.

   [ ] (4)

   [X] (5)   I find that there is no condition or combination of conditions set forth in 18 U.S.C. § 3142(c) which will reasonably assure the safety of any other person or the community.

Written Statement of Reasons for Detention

I find that the accusations in the criminal complaint and the Pretrial Services Report, and evidence at the detention hearing, establish by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and by a clear and convincing evidence that no conditions will assure the safety of the community.

I conclude that the following factors specified in 18 U.S.C. § 3142(g) are present and are to be taken into account:

1. Defendant Lopez is a 38 year-old naturalized United States citizen born in El Salvador. He has a wife, children, mother, and siblings residing in the United States. He has family connections in El Salvador, where he grew up. Defendant Lopez owns Mi Cavana Sports Bar in Houston.

2. Defendant Lopez is charged with conspiracy and trafficking females, including minors, for the sex trade in violation of 18 U.S.C. §§ 371 and 1591.

3. An I.C.E. agent involved in the investigation testified that she had reports that Lopez threatened to kill the women or their family members in connection with efforts to force the women to engage in prostitution.

4. On one occasion Lopez directed one of the smuggled females to have sex with a bar patron, and locked them up in the bar overnight for that purpose.

5. On another occasion Lopez agreed to purchase two smuggled females (one a minor) for the purpose of engaging in prostitution at his bar.

6. On several occasions Lopez threatened to kill or harm family members of the smuggled females if they refused to cooperate.

7. In recorded conversations, Lopez is heard to instruct one of the co-defendants in how to control the females by means of threats. He is also heard to complaint that co-defendant Corea "charged too much" for the women he smuggled into this country, and threatened he would begin to recruit them himself.

8. Defendant Lopez has a history of alcohol abuse and a prior conviction for D.W.I. His probation for that offense recently terminated.

9. Lopez has strong ties to El Salvador. He has traveled to El Salvador several times in the last year, apparently for the purpose of recruiting females to facilitate his criminal scheme.

10. There is no condition or combination of conditions of release which would assure the appearance of the defendant in court or the safety of the community. Detention is ordered.

Directions Regarding Detention

It is therefore ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with all court proceedings.

Signed on November 25, 2005, at Houston, Texas.

Stephen Wm Smith
United States Magistrate Judge